"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA A. LONG, ) | Case No. CV 06-763 AN |
| Plaintiff, ) | MEMORANDUM AND ORDER |
| v. ) | |
| JO ANNE B. BARNHART, ) COMMISSIONER OF THE SOCIAL ) SECURITY ADMINISTRATION, ) | |
| Defendant. ) | |

## I. INTRODUCTION

Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act ("Act"). Both parties have consented to proceed before the undersigned Magistrate Judge. In accordance with the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding the issues concerning remand and/or immediate payment of benefits ("JS"). For the reasons stated below, this case is remanded for further proceedings pursuant to Sentence Four, and the Commissioner's request for an order affirming her final decision is denied.

In the JS, Plaintiff contends that the Administrative Law Judge ("ALJ") erred by:

1  (1) failing to properly evaluate lay witness evidence; and (2) failing to properly evaluate
2  Plaintiff's mental impairments. The Commissioner disagrees.
3          <u>Lay Witness Statement</u>
4          Plaintiff contends that the ALJ improperly evaluated lay witness statements of her
5  husband, James J. Long. Mr. Long provided three witness statements dated March 17,
6  2003, June 29, 2003, and December 12, 2004. [Administrative Record ("AR") at 127-35,
7  151-56, 176-79.] In addition, Mr. Long testified at Plaintiff's administrative hearing.
8  [AR at 635-43.]
9          Under this circuit's precedent, lay witness testimony is "qualified evidence" that
10 the ALJ must consider. *See Sprague v. Bowen*, 812 F.2d 1226, 1231-32 (9th Cir. 1987);
11 *Smolen v. Chater*, 80 F.3d 1273, 1289 (9th Cir. 1996)(testimony from lay witnesses, who
12 see the claimant on a daily basis and are often family members, is of noted value); *Dodrill*
13 *v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)("[a]n eyewitness can often tell whether
14 someone is suffering or merely malingering . . . this is particularly true of witnesses who
15 view the claimant on a daily basis. . . ."). An ALJ may reject lay testimony only for
16 reasons germane to each witness. *See Stout v. Commissioner Social Sec. Admin.*, 454
17 F.3d 1050, 1051 (9th Cir. 2006); *Dodrill*, 12 F.3d at 919; *Smolen*, 80 F.3d at 1289.
18         Here, the ALJ was required to consider and comment upon Mr. Long's statements,
19 as they concerned how Plaintiff's impairments impacted her ability to work. *See*
20 *Sprague*, 812 F.2d at 1231-32; *Smolen*, 80 F.3d at 1289; *Dodrill*, 12 F.3d at 919. In the
21 decision, the ALJ noted that Mr. Long's statement from March 17, 2003, pertained to
22 Plaintiff's current condition. [AR at 29.] Therefore, the ALJ concluded that Mr. Long's
23 statement was not relevant to the period at issue in this case, Plaintiff's alleged onset date
24 (December 1, 1995) to Plaintiff's date last insured ("DLI") (December 31, 1995). [AR
25 at 26, 29, 594.] However, the ALJ did not provide any reasons for discounting Mr.
26 Long's other two statements, or his testimony from the administrative hearing. [AR at
27 127-35, 176-79, 635-43.] Of particular significance is Mr. Long's statement from
28 December 12, 2004. [AR at 176-79.] Mr. Long stated that Plaintiff has been suffering

1   from depression since 1989. [AR at 178.] In 1992, Plaintiff's depression became so
2   severe that she required professional care and medication. [AR at 178.] Also, the record
3   shows that, in the 1990s, Plaintiff began suffering from a variety of orthopedic and
4   gynecological problems. [AR at 179.] Mr. Long concluded, "It is my opinion that at no
5   time from 1992 to the present day was my wife, Cynthia Long, ready or able to seek or
6   engage in any type of employment due to her continuing battle with major depression and
7   other medical problems." [AR at 179.] Mr. Long's statement is clearly relevant to the
8   period at issue in this case. Because the ALJ did not state any basis for rejecting Mr.
9   Long's statement of December 12, 2004, the decision to deny benefits is not supported
10  by substantial evidence. *See Stout*, 451 F.3d at 1053; *Dodrill*, 12 F.3d at 919; *Smolen*,
11  80 F.3d at 1289.

12         The Commissioner contends that the ALJ's assessment of Plaintiff's residual
13  functional capacity ("RFC") for a range of light work and conclusion that Plaintiff was
14  not disabled prior to her DLI of December 31, 1995, was supported by the testimony of
15  the medical expert. [JS at 6-8.] The ALJ, however, did not actually cite the medical
16  expert's testimony as a basis for rejecting Mr. Long's statements. A court reviewing the
17  denial of Social Security benefits may examine only the reasons and explanations offered
18  by the ALJ as grounds for his decision. *See, e.g., Connett v. Barnhart*, 340 F.3d 871, 874
19  (9th Cir. 2003)("We are constrained to review the reasons the ALJ asserts. It was error
20  for the district court to affirm the ALJ's credibility decision based on evidence that the
21  ALJ did not discuss.")(citations omitted); *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir.
22  2001)(the ALJ's decision cannot be affirmed on a ground that the ALJ "did not invoke
23  in making [his] decision")(citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).
24  Thus, the Commissioner's post hoc rationalization is insufficient to cure the deficiencies
25  in the ALJ's decision. The Commissioner also asserts that any error in failing to address
26  Mr. Long's statements was harmless, because Mr. Long only described Plaintiff's
27  symptoms, rather than any functional limitations. [JS at 10 (citing *Ukolov v. Barnhart*,
28  420 F.3d 1002, 1006 n.6 (9th Cir. 2005)("Because the testimony of the lay witnesses

1  encompassed only symptoms, any failure of the ALJ to adequately address that testimony
2  does not affect the outcome of this case"). Contrary to the Commissioner's assertion, Mr.
3  Long identified a number of work-related restrictions. He stated that Plaintiff avoids
4  being around people, does not leave their apartment, is able to sit for only short periods
5  of time, is able to stand or walk for only 10 minutes at a time, has difficulty meeting
6  appointments due to fatigue and depression, has trouble climbing a flight of stairs, and
7  has difficulty focusing and concentrating. [AR at 130, 132-34, 155,178-79.] Thus, the
8  ALJ's omission was not harmless. *See Stout*, 451 F.3d at 1056 ("where the ALJ's error
9  lies in a failure to properly discuss competent lay testimony favorable to the claimant, a
10 reviewing court cannot consider the error harmless unless it can confidently conclude that
11 no reasonable ALJ, when fully crediting the testimony, could have reached a different
12 disability determination"). Finally, the ALJ found that Plaintiff originally alleged an
13 onset date that was three years after the expiration of her DLI. [AR at 29, 98.] According
14 to the Commissioner, Plaintiff's original allegation supports the conclusion of non-
15 disability. [JS at 11.] However, this reason is not germane as to *Mr. Long's* description
16 of Plaintiff's impairments. Moreover, those afflicted with depression "often do not
17 realize that their condition reflects a potentially serious mental illness." *Nguyen v.
18 Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). Accordingly, remand for further findings
19 regarding Mr. Long's statements is necessary.[1]
20 ///
21 ///
22
23
---
[1] Because the ALJ improperly evaluated Mr. Long's statements, and the record is not sufficiently developed to support a determination of disability without further proceedings, the Court will not decide whether the remaining issue raised by Plaintiff would independently require reversal. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003)(where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate). However, the Court recommends that the Commissioner consider all of Plaintiff's arguments when determining the merits of her case on remand.

Page 4

## II. CONCLUSION

For the reasons discussed above, the Court finds the ALJ's denial of Plaintiff's claims for benefits is not free of legal error and supported by substantial evidence. Accordingly, Plaintiff's request for an order remanding this case for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g) is GRANTED, and the Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action is DENIED. The clerk shall enter judgment, close the file and terminate all pending motions.

DATED: January 3, 2007

                                        ARTHUR NAKAZATO
                                        ARTHUR NAKAZATO
                            UNITED STATES MAGISTRATE JUDGE